336 A.2d 300
**COMMONWEALTH of Pennsylvania**
**v.**
**Robert BRYANT, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 25, 1974.

Decided April 17, 1975.

1. See Philadelphia Local Rule 3129*.

D. M. Masciantonio, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief, Appeals Div., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant, Robert Bryant, was convicted on June 2, 1972, of murder in the first degree, aggravated robbery and conspiracy. He received a sentence of life imprisonment for the murder conviction; a concurrent sentence of five to ten years imprisonment for the aggravated robbery conviction; and a suspended sentence for the conspiracy conviction. Post-verdict motions were denied and this appeal followed. *See*, Act of July 31, 1970, P.L. 673, No. 233, art. II, §§ 202 and 204 (17 P.S. §§ 211.202 and 211.204).

Appellant contends that the prosecution's evidence was insufficient to convict appellant of murder in the first degree because it was not established that the appellant participated in the felony of robbery. We disagree.

The prosecution's evidence established that on January 12, 1971, at about 10:00 P.M., a 64 year old man was beaten and robbed. Appellant does not deny participating in the incident, nor does he deny that he was involved in the beating of the victim. He contends, however, that the evidence did not establish that he was involved in any robbery of the victim. According to the appellant's version of the incident, he and his brother approached the victim, who was walking down the street, for the sole purpose of asking for a nickel. When the request was made, according to the appellant, the victim took a pair of pliers from his pocket and struck the appellant on the head. This attack by the victim, claims

312

appellant, was the only reason he participated in the beating of the victim, who was hit on the head with the pliers, knocked to the ground, and kicked in the face.

■ At issue is whether the prosecution's evidence was sufficient to establish that the beating from which the victim died occurred in the perpetration of the felony of robbery. *See*, Act of 1939, June 24, P.L. 872, § 701; as amended 18 P.S. § 4701. In view of the jury's verdict, the evidence and all reasonable inferences therefrom upon which the jury could have properly based its verdict must be considered in the light most favorable to the prosecution. *Commonwealth v. Williams*, 458 Pa. 319, 326 A.2d 300 (1974). The prosecution's evidence established that prior to the incident, the appellant said to a friend that he, the appellant, "was going to get some money." At the time of the remark, the victim was walking along the street carrying a brown paper bag with two bottles of beer which he had purchased at a nearby tavern. The evidence established that during the incident, appellant's brother took the brown paper bag containing the beer from the victim. There was also evidence that while the incident was still in progress, and appellant was wrestling with the victim, one of the appellant's friends, who appeared on the scene after the incident had begun, picked up the victim's wallet, which had slipped from the victim's pocket. When he did so, appellant called and asked if there was any money in the wallet. After the incident, appellant and others at appellant's home drank the beer taken from the victim.

■■ Appellant points out that the beer was taken from the victim by his brother and the wallet was picked up by one of his friends. The lack of evidence that appellant personally took any property from the victim does not warrant a conclusion that he did not participate in a robbery. The evidence is sufficient to establish that appellant was a participant in the incident from its inception until its conclusion. One who participates in a

crime is legally responsible not only for his personal acts, but also for the acts of others committed in furtherance of the conspiracy to commit the crime. *Commonwealth v. Joseph*, 451 Pa. 440, 304 A.2d 163 (1973) ; *Commonwealth v. Williams*, 443 Pa. 85, 277 A.2d 781 (1971). We conclude that the prosecution's evidence, and the reasonable inferences to be drawn therefrom, viewed in the light most favorable to the prosecution, were sufficient to establish beyond a reasonable doubt that the appellant participated in a robbery which resulted in the victim's death.

■ The appellant has also raised two other issues. He contends that (1) oral and written confessions were the product of an illegal arrest and should not have been admitted into evidence, and (2) his trial was held in violation of constitutional provisions against double jeopardy because a previous trial had resulted in a hung jury. Neither of these issues, however, were raised by the appellant in post-verdict motions. The trial court's opinion points out that appellant's "sole assertion in post-verdict motions was the sufficiency of the evidence." Under these circumstances, these issues are not cognizable in this Court. *Commonwealth v. Clair*, —— Pa. ——, 326 A.2d 272 (1974); *Commonwealth v. Agie*, 449 Pa. 187, 296 A.2d 741 (1972).

Judgment of sentence affirmed.