390 A.2d 1363

**COMMONWEALTH of Pennsylvania**

v.

**Dayne COFER, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 31, 1977.

Decided July 12, 1978.

Julius E. Fioravanti, Philadelphia, for appellant.

F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Criminal Division of the Court of Common Pleas of Philadelphia County by the Appellant, Dayne Cofer, following his conviction in a non-jury trial of robbery and criminal conspiracy.

The facts are as follows: At approximately 11:10 on the morning of May 19, 1976, the Appellant, in the company of Gregory Johnson and Russell James, conducted an armed robbery of the Tilden Food Market, at 3539 Vaux Street, in the city of Philadelphia. Johnson and the Appellant were confronted by Officer Helmetag of the Philadelphia Police Department as they emerged from the food market following the robbery. Appellant was carrying a loaded .32 caliber pistol; Johnson a loaded .22 caliber pistol. Appellant was immediately apprehended, handcuffed and identified by an eye witness and one of the victims. Russell James was apprehended approximately 30 minutes following the rob-

bery as he emerged from an automobile. Said automobile was found to contain items admittedly taken in the robbery.

Appellant argues that the alleged criminal conspiracy between himself and the co-defendant, Russell James (the existence of which is not conceded) had terminated at the time of Appellant's apprehension by the police; and, therefore, the evidence and testimony regarding the automobile and its contents was improperly introduced against Appellant at his trial on the conspiracy charge.

Thus Appellant alleges that the introduction of that evidence was improper and therefore the convictions on the criminal conspiracy and robbery charges must be reversed.

We do not agree.

Appellant contends that this situation is controlled by the general evidentiary principle that declarations, acts, or physical evidence obtained from one purported co-conspirator is admissible against the *other only so long as the conspiracy continues*, but if obtained afterwards, is not admissible. *Wagner v. Aulenbach*, 170 Pa. 495, 32 A. 1087; *Commonwealth v. Johnson*, 365 Pa. 303, 74 A.2d 144 (1950); *Commonwealth v. Petrillo*, 338 Pa. 65, 12 A.2d 317 (1940); *Commonwealth v. Hirsch*, 225 Pa.Super. 494, 311 A.2d 679 (1973).

It is not necessary for this court here to discuss the incongruities found in the conspiracy law. Suffice it to say that the record clearly sustains the lower court's finding that there was no evidence that the alleged conspiracy had in fact terminated, or that neither Appellant nor James had overtly renunciated the design or purpose of the conspiracy *and* had communicated same to the other prior to his arrest. The conspiracy as alleged was neither legally terminated, abandoned nor withdrawn upon apprehension of the Appellant at the scene. See *Commonwealth v. Griffey*, 453 Pa. 142, 307 A.2d 283 (1973); *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976).

It is axiomatic that "one who participates in a crime is legally responsible not only for his personal acts, but also

for the acts of others committed in furtherance of the conspiracy to commit the crime." *Commonwealth v. Bryant*, 461 Pa. 309, 336 A.2d 300, 301 (1975); *Commonwealth v. Joseph*, 451 Pa. 440, 304 A.2d 163 (1973); *Commonwealth v. Williams*, 443 Pa. 85, 277 A.2d 781 (1971).

■ Similarly, an act such as flight from the scene of a crime by one co-conspirator and his subsequent arrest some 30 minutes later, must rightfully be considered part of the *res gestae* of the conspiracy and, in furtherance thereof; and therefore any physical evidence obtained from one co-conspirator during that period may rightfully be admitted as evidence against his co-conspirator.

■ We accept the Supreme Court's statement in *Commonwealth v. Ellsworth*, 409 Pa. 505, 187 A.2d 640, 642 (1963), when similarly confronted with the narrow issue of fact as to when a conspiracy has legally terminated:

> The goal of the conspiracy was the robbery of Mrs. Rossman . . . *Of course, in attaining such goal it was inherent in the conspiracy that all appropriate steps be taken, before and after the robbery, to avoid the detection of any of the conspirators.* (Emphasis supplied)

We interpret the above to logically include the search and seizure of James' automobile and the contents found therein which occurred thirty minutes following the robbery.

The evidence found in James' possession (the car used in flight and the robbery proceeds), for whatever probative value they may have, were properly admitted into evidence against the Appellant herein. The lower court rightfully rejected Appellant's contention that the conspiracy had legally terminated immediately upon his (Appellant's) apprehension at the scene.

Appellant's argument is completely devoid of merit.

Judgment affirmed.

SPAETH, J., concurs in the result.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.