457 A.2d 549

**COMMONWEALTH of Pennsylvania**

v.

**Bernard DARDEN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 26, 1982.

Filed March 11, 1983.

Douglas M. Johnson, Public Defender, Norristown, for appellant.

Joseph A. Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

Bernard Darden was tried non-jury and was convicted of robbery,[1] theft by unlawful taking,[2] theft by receiving sto-

1. 18 Pa.C.S. § 3701.
2. 18 Pa.C.S. § 3921.

len property,[3] simple assault,[4] recklessly endangering another person,[5] terroristic threats,[6] possessing an instrument of crime [7] and criminal conspiracy.[8] Post verdict motions were denied, and Darden was sentenced to prison for not less than 2½ nor more than 10 years.[9] The case is before us on direct appeal. Having reviewed the evidence, we find it sufficient to sustain the findings of guilt. However, an erroneous evidentiary ruling requires that a new trial be granted.

In determining the sufficiency of the evidence, we view the evidence, together with all permissible inferences therefrom, in the light most favorable to the Commonwealth as verdict winner. The test is whether the evidence, when thus viewed, is sufficient to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Lovette*, 498 Pa. 665, 669, 450 A.2d 975, 977 (1982); *Commonwealth v. Goldblum*, 498 Pa. 455, 466, 447 A.2d 234, 240 (1982); *Commonwealth v. Waller*, 498 Pa. 33, 43, 444 A.2d 653, 658 (1982); *Commonwealth v. Fortune*, 305 Pa.Super. 441, 443, 451 A.2d 729, 730 (1982); *Commonwealth v. Stasiak*, 305 Pa. Super. 257, 263, 451 A.2d 520, 523 (1982).

The evidence shows that on February 23, 1981 the Community Federal Savings and Loan Association, situated in a Whitpain Township shopping mall, was held up at gunpoint by James Perry and Anthony Smith.[10] Police Sgt.

3. 18 Pa.C.S. § 3925.

4. 18 Pa.C.S. § 2701.

5. 18 Pa.C.S. § 2705.

6. 18 Pa.C.S. § 2706.

7. 18 Pa.C.S. § 907.

8. 18 Pa.C.S. § 903.

9. For sentencing purposes, all related offenses were held to have merged in the robbery conviction.

10. Perry and Smith entered pleas of guilty and were sentenced.

Robert Dean, responding to a call, arrived while the robbery was in progress. He observed the robbers as they emerged from the bank and as they entered a blue Ford and drove to a secluded spot on a service road at the rear of the mall. Sgt. Dean followed on foot and observed Perry and Smith exit from their vehicle and run toward a black Ford in which appellant was seated with the engine running. As additional police arrived, appellant attempted to flee, but he was quickly apprehended and taken into custody. By removing the keys from the ignition, the police were able to open the trunk of the black Ford, where Perry and Smith were hiding with a gun and a duffle bag containing $34,-210.00.

Appellant was warned of his *Miranda* rights when he was taken into custody. He was advised of his rights a second time at police headquarters. Nevertheless, appellant elected to give an oral statement. He refused to allow his statement to be recorded, however, and refused to sign a written summary thereof which the police prepared. In his oral statement, appellant implicated. himself as the knowing and intentional driver of the get-away car.

The totality of this evidence was sufficient to show that appellant had been part of a criminal conspiracy and an accomplice in the robbery of the bank. See: 18 Pa.C.S.A. § 306(c). As an accomplice, appellant was vicariously liable for the criminal acts of Perry and Smith committed in furtherance of the common design. See: *Commonwealth v. Tate*, 485 Pa. 180, 185, 401 A.2d 353, 355 (1979); *Commonwealth v. Roux*, 465 Pa. 482, 490, 350 A.2d 867, 871 (1976); *Commonwealth v. Bryant*, 461 Pa. 309, 312–313, 336 A.2d 300, 301 (1975); *Commonwealth v. Davenport*, 307 Pa.Super. 102, 110, 452 A.2d 1058, 1062 (1982); *Commonwealth v. Plusquellic*, 303 Pa.Super. 1, 7, 449 A.2d 47, 50 (1982); *Commonwealth v. Jefferson*, 271 Pa.Super. 199, 203–204, 412 A.2d 882, 884 (1979); *Commonwealth v. Cofer*, 257 Pa.Super. 528, 531–532, 390 A.2d 1363, 1365 (1978).

Evidence of appellant's statement was received during testimony by Chief of Police Joseph Stemple, who had

participated in preparing the written summary of appellant's statement as it was given. Appellant contends that his statement that he knew of the intended robbery and agreed to drive the get-away car should not have been received. He does not challenge the admissibility of this evidence on grounds that it was obtained in violation of his constitutional or other rights but on grounds that it was hearsay evidence. As a voluntary, extra-judicial statement, however, it was properly received as an admission. See: *Commonwealth v. Glass*, 486 Pa. 334, 347, 405 A.2d 1236, 1243 (1979) (plurality opinion); *Commonwealth v. Cristina*, 481 Pa. 44, 53, 391 A.2d 1307, 1311 (1978) (plurality opinion), *cert. denied*, 440 U.S. 925, 99 S.Ct. 1255, 59 L.Ed.2d 479 (1979); *Commonwealth v. Tervalon*, 463 Pa. 581, 590, 345 A.2d 671, 676 (1975); *Commonwealth v. Rhodes*, 272 Pa.Super. 546, 554, 416 A.2d 1031, 1035 (1979). The fact that there was neither a recording of his statement nor a signed, written confession did not render his oral admission inadmissible. The fact that the admission was oral affected only the weight to be accorded the statement. *Commonwealth v. Duncan*, 473 Pa. 62, 70, 373 A.2d 1051, 1054 (1977). See also: *Commonwealth v. Dreibelbis*, 493 Pa. 466, 426 A.2d 1111 (1981).

■ Appellant testified in his own behalf and denied that he had been aware that Perry and Smith intended to rob the Community Federal Savings and Loan Association. He offered to show that Perry had called him by telephone on the morning of the robbery and had requested him to clean the trunk of his car and pick up Perry at the shopping mall. Perry, according to the offer of proof, had explained to appellant that he intended to do some shopping and would have a quantity of items requiring trunk space. Appellant also offered to testify that Perry said nothing about an intention to rob a bank during the conversation and that there had been no discussion regarding appellant's giving aid by driving the get-away car. The trial court refused to allow this testimony. Instead, it sustained a Common-

wealth objection that it was inadmissible hearsay. This was error.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *Commonwealth v. Perry,* 279 Pa.Super. 32, 37–38, 420 A.2d 729, 732 (1980); *Commonwealth v. Rhodes, supra* 272 Pa.Super. at 554, 416 A.2d at 1035; *Commonwealth v. Strunk,* 256 Pa.Super. 213, 215, 389 A.2d 1089, 1090 (1978). See: *Commonwealth v. Baez,* 494 Pa. 388, 431 A.2d 909 (1981). When an extra-judicial statement is offered for a purpose apart from proving the truth of its contents, it is not hearsay and is not excluded under the hearsay rule. *Commonwealth v. Cruz,* 489 Pa. 559, 565, 414 A.2d 1032, 1035 (1980); *Commonwealth v. Perry, supra* 279 Pa.Super. at 38–39, 420 A.2d at 732; *Commonwealth v. Ryan,* 253 Pa.Super. 92, 103, 384 A.2d 1243, 1249 (1978) (plurality opinion). See: *Commonwealth v. Stewart,* 304 Pa.Super. 382, 387, 450 A.2d 732, 733–734 (1982).

In the instant case, appellant's knowledge and state of mind when he went to the shopping mall were important issues. Perry's out-of-court statements made to appellant during the preceding telephone conversation constituted relevant circumstantial evidence. The statements were not offered to show that Perry in fact did not commit a robbery or even that he did not then intend to commit a robbery. They were offered, rather, to show that appellant did not know that Perry intended to rob a bank. They were offered to show that appellant had been told that Perry was going to the mall to shop and that appellant's intent in taking his car to the mall was to assist Perry in transporting his purchases. Evidence of this character and for this purpose was not objectionable as hearsay. Binder, The Hearsay Handbook § 5.3 (1975); 2 Jones, Evidence § 8.6 (6th ed. 1972); 6 Wigmore, Evidence §§ 1788, 1789 (Chadbourn Rev.1976); 29 Am.Jur.2d, Evidence § 497. See: *Whitfield v. Reading Company,* 380 Pa. 566, 570, 112 A.2d 113, 115 (1955). See also: *Webb v. Fuller Brush Co.,* 378 F.2d 500 (3rd Cir.1967) (statements of third persons to defend-

ant's agents admissible to show defendant's knowledge of dangers inherent in products); *Bridger v. Union Ry. Co.,* 355 F.2d 382 (6th Cir.1966) (statements of third persons to defendant's agents admissible to show that defendant had knowledge of dangerous condition of grade crossing); *Sears v. Southern Pacific Co.,* 313 F.2d 498 (9th Cir.1963) (statements of third persons admissible to show defendant's knowledge); *Frank v. United States,* 220 F.2d 559 (10th Cir.1955) (statements tending to show reliability of magnetic logger admissible to negative fraud on the part of defendant who had solicited investments for production); *State v. Ford,* 322 N.W.2d 611 (Minn.1982) (informant's tip properly admitted when offered to show why police established surveillance of scene); *State v. McIntosh,* 635 S.W.2d 370 (Mo.App.1982) (contents of phone call properly admitted to show reasons for subsequent actions of persons privy to it); *Sheriff, Clark County v. Blasko,* Nev., 647 P.2d 371 (1982) (evidence of information received by police is not hearsay when offered to explain why they were watching the van in which defendant was found); *State v. Tate,* 57 N.C.App. 350, 291 S.E.2d 326 (1982) (evidence of defendant's conversation with third party improperly excluded when offered to explain her subsequent conduct).

It may be that the trial judge would have found appellant's testimony regarding Perry's statements lacking in credibility in view of the contradictory statement which he gave to the police. We cannot be certain of this, however, for the evidence was not received. In any event, the fact finder's potential disbelief is not an adequate basis for refusing to receive evidence. Admissibility and credibility are separate issues. Neither can we say that the exclusion of Perry's telephone conversation was harmless error. Appellant's criminal liability for robbery was grounded solely upon his vicarious responsibility as an accomplice. His state of mind under such circumstances was highly relevant. The erroneous exclusion of evidence which, if received, would have tended to show that appellant lacked an

intent to aid in the commission of a robbery was sufficiently prejudicial to require that a new trial be granted.[11]

The judgment of sentence is reversed, and a new trial is ordered.

---

**11.** Our decision makes it unnecessary that we consider appellant's remaining arguments that the sentence was excessive and that the court erred in refusing to sever his trial from that of his alleged accomplices. Perry and Smith have entered pleas of guilty and upon a retrial will not be tried with appellant.