463 A.2d 1117

**COMMONWEALTH of Pennsylvania**

v.

**Robert E. RUFFIN, Appellant.**

Superior Court of Pennsylvania.

Argued March 3, 1983.

Filed July 22, 1983.

128

Stanley P. Stern, Philadelphia, for appellant.

Robert Ciaffa, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CAVANAUGH, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

█ Robert Ruffin was tried by jury and found guilty of murder in the second degree,[1] robbery,[2] theft by unlawful taking,[3] and criminal conspiracy.[4] The charges arose from Ruffin's participation in the robbery and shooting death of Willie Small in the latter's home in Philadelphia. This direct appeal followed the denial of post-trial motions and the imposition of sentence. Appellant contends that the evidence was insufficient to sustain the verdicts. He also contends, in a related argument, that the verdict was against the weight of the evidence because it failed to reflect the evidence that appellant had withdrawn from the criminal activity prior to the shooting.[5] These contentions lack merit. However, the imposition of multiple sentences was improper and requires correction.

█ In reviewing the sufficiency of the evidence, we are required to view the evidence, and all permissible inferences to be drawn therefrom, in the light most favorable to the Commonwealth, as verdict winner. The test is whether, taking as true the evidence most favorable to the Commonwealth, together with all reasonable inferences therefrom, the evidence is sufficient to prove appellant's guilt beyond a reasonable doubt. *Commonwealth v. Giles*, 500 Pa. 413, 415, 456 A.2d 1356, 1357 (1983); *Commonwealth v. Keblitis*, 500 Pa. 321, 323, 456 A.2d 149, 150 (1983); *Common-*

1. 18 Pa.C.S.A. § 2502.

2. 18 Pa.C.S.A. § 3701.

3. 18 Pa.C.S.A. § 3921.

4. 18 Pa.C.S.A. § 903.

5. Appellant's brief confuses the separate and distinct contentions that the jury's verdict was not supported by sufficient evidence and that the verdict was against the weight of the evidence. With respect to the insufficiency claim, the appropriate remedy would be a discharge and dismissal of all charges. Where the verdict is against the weight of the evidence, the proper remedy is a new trial. See generally: *Commonwealth v. Vogel*, 501 Pa. 314, 461 A.2d 604 (1983).

*wealth v. Bachert,* 499 Pa. 398, 402, 453 A.2d 931, 933 (1982); *Commonwealth v. Scarborough,* 313 Pa.Super. 521, 525, 460 A.2d 310, 312 (1983); *Commonwealth v. Darden,* 311 Pa.Super. 170, 172, 457 A.2d 549, 550 (1983); *Commonwealth v. Barnes,* 310 Pa.Super. 480, 482–83, 456 A.2d 1037, 1038 (1983).

On the evening of January 27, 1981, at or about 6:00 p.m., appellant and a co-conspirator, Robert Young, broke into the victim's home through a rear door. They entered the living room, where Carl Hankins, the fourteen year old stepson of Willie Small, was watching his infant half-brother.[6] Young went upstairs, leaving appellant in the living room. Shortly thereafter, Young returned to summon appellant, and the two went upstairs together. Then, Hankins' sister, Roslyn, came running down the stairs and announced to Carl that two men were pointing a gun at their father. Hankins went upstairs to the master bedroom, where he saw Young holding a gun pointed at his father's chest while Young rummaged through his father's belongings. Appellant, who was seated on the bed next to the victim, ordered Hankins to go downstairs. Upon his father's request, Hankins complied. He then ran across an alley behind the house to his uncle's house from where his uncle called the police. While still in his uncle's kitchen, Hankins heard three shots. He ran to a nearby corner, from where he observed Young and appellant run from the house and past him, each carrying a part of the stereo system which theretofore had been in the family's living room. Hankins returned to his house and found his father unconscious and injured on the living room floor. Small died of multiple gunshot wounds to the head.

■ The totality of the Commonwealth's evidence was sufficient to establish that appellant had been part of a conspiracy to rob Small. In *Commonwealth v. Kennedy,* 499 Pa. 389, 453 A.2d 927 (1982), the Supreme Court stated:

6. It appears that Carl and his sister Roslyn, age 11, were the biological children of Sylvia Hankins, who was living with Small and had borne him an infant child.

"It is well established that a common understanding or agreement is the heart of every conspiracy. *Commonwealth v. Waters*, 463 Pa. 465, 471, 345 A.2d. 613, 616 (1975). As stated, however, in *Commonwealth v. Strantz*, 328 Pa. 33, 43, 195 A. 75, 80 (1937), 'An explicit or formal agreement to commit crimes can seldom, if ever, be proved and it need not be, for proof of a criminal partnership is almost invariably extracted from the circumstances that attend its activities.' A conspiracy may be proven inferentially by showing the relation, conduct, or circumstances of the parties, and the overt acts of alleged co-conspirators are competent as proof that a criminal confederation has in fact been formed. *Commonwealth v. Eiland*, 450 Pa. 566, 570, 301 A.2d 651, 652 (1973). See also *Commonwealth v. Mobley*, 467 Pa. 460, 463, 359 A.2d 367, 368 (1976)."

*Id.*, 499 Pa. at 395, 453 A.2d at 929–930. See also: *Commonwealth v. Lamb*, 309 Pa.Super. 415, 429, 455 A.2d 678, 685–686 (1983); *Commonwealth v. Davenport*, 307 Pa.Super. 102, 106–08, 452 A.2d 1058, 1060–1061 (1982); *Commonwealth v. Plusquellic*, 303 Pa.Super. 1, 4–5, 449 A.2d 47, 49–50 (1982); *Commonwealth v. Volk*, 298 Pa.Super. 294, 300–301, 444 A.2d 1182, 1185 (1982). In the instant case, the evidence showed that Young and appellant had acted in concert when they broke into Small's home and engaged in criminal activity. Not only had appellant been present, but he had instructed Hankins to go downstairs and had assisted in carrying away the stereo set after the shooting. See: *Commonwealth v. Scarborough, supra.*

■ Although there was no direct evidence that appellant had shot Willie Small, the evidence did establish that he had been an accomplice in the underlying robbery and theft.[7]

---

7. Appellant's argument that the evidence fails to establish accomplice liability is without merit. As noted in *Commonwealth v. Davenport, supra*, "[t]he intent required for criminal conspiracy is identical to that required for accomplice liability. In both crimes, a defendant must act with the 'intent of promoting or facilitating the commission of the offense.'" *Id.*, 307 Pa.Superior Ct. at 110, 452 A.2d at 1062, quoting *Commonwealth v. Gardner*, 246 Pa.Super. 582, 587, 371 A.2d

18 Pa.C.S.A. § 306(c). Thus, he was vicariously liable for Young's criminal acts in furtherance of the common design. *Commonwealth v. Tate,* 485 Pa. 180, 185, 401 A.2d 353, 355 (1979); *Commonwealth v. Roux,* 465 Pa. 482, 490, 350 A.2d 867, 871 (1976); *Commonwealth v. Bryant,* 461 Pa. 309, 312–313, 336 A.2d 300, 301 (1975); *Commonwealth v. Sampson,* 445 Pa. 558, 563, 285 A.2d 480, 483 (1971); *Commonwealth v. Scarborough, supra,* 313 Pa.Superior Ct. at 525, 460 A.2d at 312; *Commonwealth v. Minnis,* 312 Pa.Super. 53, 55, 458 A.2d 231, 233 (1983); *Commonwealth v. Darden, supra,* 311 Pa.Superior Ct. at 172, 457 A.2d at 550; *Commonwealth v. Davenport, supra,* 307 Pa.Superior Ct. at 110, 452 A.2d at 1062; *Commonwealth v. Plusquellic, supra* 303 Pa.Super. at 5, 449 A.2d at 50; *Commonwealth v. Cofer,* 257 Pa.Super. 528, 531–532, 390 A.2d 1363, 1365 (1978). See also: *Commonwealth v. Wilson,* 493 Pa. 332, 333, 426 A.2d 575, 576 (1981); *Commonwealth v. Stafford,* 451 Pa. 95, 97 n. 1, 301 A.2d 600, 602 n. 1 (1973).

Appellant testified that he had been Small's friend and had made frequent purchases of marijuana from him. He contended that he had brought Young to Small at Young's insistence to buy marijuana and had no idea that Young intended to rob Small. He also contended that he had tried to stop Young and had left before the shooting. The jury, however, could believe all, part or none of appellant's explanation. *Commonwealth v. Guest,* 500 Pa. 393, 396, 456 A.2d 1345, 1347 (1983); *Commonwealth v. Dreibelbis,* 493 Pa. 466, 469, 426 A.2d 1111, 1113 (1981); *Commonwealth v. Newman,* 310 Pa.Super. 493, 496, 456 A.2d 1044, 1045 (1983); *Commonwealth v. Wilcox,* 310 Pa.Super. 331, 335, 456 A.2d 637, 639 (1983). The credibility of the testimony was within the jury's province; and it was for the jury to resolve conflicts arising because of contradictory testimony. See: *Commonwealth v. Guest, supra,* 500 Pa. at 396, 456 A.2d at 1347; *Commonwealth v. Brockington,*

986, 989 (1977). Here, such an intent was clearly inferable from the evidence adduced at trial.

500 Pa. 216, 219–20, 455 A.2d 627, 628 (1983); *Commonwealth v. Stockard*, 489 Pa. 209, 213, 413 A.2d 1088, 1090 (1980); *Commonwealth v. Smith*, 457 Pa. 638, 641, 326 A.2d 60, 61 (1974); *Commonwealth v. Battle*, 289 Pa.Super. 369, 375, 433 A.2d 496, 498 (1981).

■ Appellant argues also that his testimony at trial established the defense of withdrawal and repudiation, and that the jury's rejection of this defense resulted in a verdict against the weight of the evidence. Whether a verdict is contrary to the weight of the evidence is a matter committed to the sound discretion of the trial court. A new trial will be granted on this basis only where the record shows that the verdict was so contrary to the evidence as to shock one's sense of justice and make a new trial imperative in the interests of obtaining justice. See: *Commonwealth v. Laing*, 310 Pa.Super. 105, 110, 456 A.2d 204, 207 (1983); *Commonwealth v. Miller*, 303 Pa.Super. 504, 507, 450 A.2d 40, 42 (1982); *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981).

■ In order to justify a finding of withdrawal or abandonment, which is set forth in 18 Pa.C.S.A. § 306(f)(3)(i) and (ii),[8] the actor must have abandoned the scheme appreciably before the homicide occurs, and he must have communicated his intention to his co-conspirator so that he also had an opportunity to abandon the scheme. See: *Commonwealth v. Roux, supra,* 465 Pa. at 489–490, 350 A.2d at 871; *Commonwealth v. Spriggs*, 463 Pa. 375, 380–381, 344 A.2d 880, 883 (1975); *Commonwealth v. Sampson, supra* 445

---

**8.** 18 Pa.C.S.A. § 306(f)(3)(i) and (ii) provide:
    (f) **Exceptions.**—Unless otherwise provided by this title or by the law defining the offense, a person is not an accomplice in an offense committed by another person if:
    . . . .
    (3) he terminates his complicity prior to the commission of the offense and:
    (i) wholly deprives it of effectiveness in the commission of the offense; or
    (ii) gives timely warning to the law enforcement authorities or otherwise makes proper effort to prevent the commission of the offense.

Pa. at 563, 285 A.2d at 483. See also: 18 Pa.C.S.A. § 903(g). Accord: *Commonwealth v. Lee,* 484 Pa. 335, 347, 399 A.2d 104, 110 (1979) (opinion in support of affirmance). Here, appellant had been observed as he ran from Small's house with Young and while both were carrying parts of the stereo equipment from Small's living room. This evidence, if believed, contradicted appellant's testimony. There was no evidence other than that given by appellant that he had withdrawn prior to the shooting. The jury, as we have already observed, was free to disbelieve appellant's testimony and accept as true that of Carl Hankins. See: *Commonwealth v. Carter,* 481 Pa. 495, 498, 393 A.2d 13, 15 (1978).

Although appellant has not questioned the legality of the sentences on appeal, we are nevertheless required to correct an illegal sentence sua sponte. See: *Commonwealth v. Fortune,* 305 Pa.Super. 441, 444, 451 A.2d 729, 731 (1982); *Commonwealth v. Gilliam,* 302 Pa.Super. 50, 52 n. 1, 448 A.2d 89, 90 n. 1 (1982). The robbery and theft convictions in this case merged in the conviction of murder in the second degree for purposes of sentencing. *Commonwealth v. Tarver,* 493 Pa. 320, 327–328, 426 A.2d 569, 573 (1981); *Commonwealth v. Fortune, supra,* 305 Pa.Superior Ct. at 444, 451 A.2d at 731. See also: *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Commonwealth v. McDuffie,* 499 Pa. 325, 453 A.2d 331 (1982); *Commonwealth v. Colon,* 496 Pa. 650, 437 A.2d 1228 (1981); *Commonwealth v. Maddox,* 307 Pa.Super. 524, 453 A.2d 1010 (1982); *Commonwealth v. Sheffield,* 306 Pa.Super. 274, 452 A.2d 550 (1982); *Commonwealth v. Moore,* 300 Pa.Super. 488, 446 A.2d 960 (1982); *Commonwealth v. Crocker,* 280 Pa.Super. 470, 421 A.2d 818 (1980). However, it is unnecessary to remand for resentencing. Because the trial court imposed concurrent sentences, it is clear that the court deemed the offenses to have arisen from a single episode. The illegality, therefore, can be corrected by vacating the sentences imposed for robbery and theft, leaving undisturbed the sentences for murder in

the second degree and conspiracy. See: *Commonwealth v. Wilson,* 312 Pa.Super. 77, 82, 458 A.2d 244, 246 (1983); *Commonwealth v. Moore, supra* 300 Pa.Super. at 494, 446 A.2d at 963. See also: *Commonwealth v. Wilcox, supra,* 310 Pa.Superior Ct. at 337–38, 456 A.2d at 640–641.

The judgments of sentence for murder in the second degree and conspiracy are affirmed. The separate sentences for theft and robbery are vacated.