## Commonwealth v. Guillorn

*George P. Skumanick, district attorney,* for the Commonwealth.
*Thomas J. Hanlon,* for defendants.

GARDNER, *S.J., specially presiding,* February 13, 1991 — After a joint non-jury trial, defendants were convicted of several counts of bookmaking. No post-trial motions were filed and defendants were sentenced on November 6, 1990, each order including restitution in favor of the Commonwealth in the amount of $6,223.42. From the judgments of sentence defendants have appealed to the Superior Court.

Pursuant to orders of this court, both defendants have filed identical statements of issues complained of on appeal. These issues include six contentions raised in pretrial motions, all of which have been determined. (See the opinion of this court dated April 20, 1990, and the order of September 28, 1990.)

Only issues presented in post-verdict motions are preserved for appeal. Pa.R.Crim.P. 141(d); *Commonwealth v. Tyson,* 485 Pa. 344, 402 A.2d 995 (1979); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); *Commonwealth v. Perry,* 279 Pa. Super. 32, 420 A.2d 729 (1980). Therefore, we do not feel it appropriate to consider further the issues confronted in the pretrial effort.

However, defendants have made timely motions for reconsideration of sentences which this court denied. The sole ground presented was the imposition in each defendant's sentence of the full amount of restitution claimed by the Commonwealth, without attempting to prorate the amounts between the two defendants.

"The purpose of restitution is to impress upon the defendant that his or her criminal conduct caused the victim's loss or personal injury and that it is his or her responsibility to repair the loss or injury *as far as possible." Commonwealth v. Balisteri,* 329 Pa. Super. 148, 478 A.2d 5 (1984). (emphasis supplied)

In our judgment, the evidence revealed that defendants were in business together. They could both be reached at the same telephone number and both placed bets using the same jargon and dealing with the same bettor. Because of this, we were of the opinion that defendants' liability for restitution was joint and several and that the Commonwealth should not be forced to restrict its collection to the chances of future judgment-proof status of either defendant.

In addition, no authority has been provided this court that denies the power to impose joint liability for total restitution.