J-S05014-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:      PENNSYLVANIA
       Appellee :
:
         v. :
:
FREDERICK J. MANGONE, :
:
       Appellant : No. 1270 WDA 2014

Appeal from the Judgment of Sentence July 29, 2014,
Court of Common Pleas, Fayette County,
Criminal Division at No. CP-26-CR-0002312-2013

BEFORE: DONOHUE, SHOGAN and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED FEBRUARY 06, 2015**

Frederick J. Mangone ("Mangone") appeals from the July 29, 2014 judgment of sentence entered by the Fayette County Court of Common Pleas following his conviction by a jury of accidents involving death or personal injury (75 Pa.C.S.A. § 3742(a)), and his convictions by the trial court of improper class of license (75 Pa.C.S.A. § 1504), failure to stop and render aid (75 Pa.C.S.A. § 3744(a)), and failure to notify police of accidental injury or death (75 Pa.C.S.A. § 3746(a)(1)).[1]

On appeal, he claims that "the Commonwealth fail[ed] to establish that [Mangone] did not leave the scene in order to go for aid for the injured person[.]" Mangone's Brief at 7. It is not clear whether Mangone intended

---

[1] On July 29, 2014, the trial court sentenced Mangone to one to two years of incarceration for accidents involving death or personal injury. The trial court imposed no additional penalty on the remaining convictions.

to challenge the weight or the sufficiency of the evidence to support one or more of his convictions. In his appellate brief, he argues that "the record shows that the Commonwealth presented no evidence that [Mangone] was not attempting to go for help," which would suggest a challenge to the sufficiency of the evidence. Mangone's Brief at 11-12. He subsequently states, however, that "the jury's verdict is one that would shock the conscience," and requests a new trial, which suggests a challenge to the weight of the evidence. **Id.** at 12. The scope and standard of review included in his appellate brief does not provide any guidance, as it is a generic statement of the manner an appellate court reviews a case without citation to authority. **See** Mangone's Brief at 5. Nor does the prayer for relief in the conclusion of the brief provide clarity, as Mangone seeks "an arrest of judgment and/or a new trial." **Id.** at 13; **see Commonwealth v. Ruffin**, 463 A.2d 1117, 1118 n.5 (Pa. Super. 1983) (stating that the appropriate remedy for insufficient evidence to support a conviction is dismissal and discharge of the defendant; the remedy for a verdict against the weight of the evidence is a new trial).

As we have previously explained, weight and sufficiency of the evidence are distinct arguments:

> Weight and sufficiency of the evidence are not one and the same legal concepts. As our Court has summarized in a prior case: Weight of the evidence and sufficiency of the evidence are discrete inquiries[.] In reviewing the sufficiency of the

evidence, we must view the evidence presented and all reasonable inferences taken therefrom in the light most favorable to the Commonwealth, as verdict winner. The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt[.]

A motion for new trial on grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but contends, nevertheless, that the verdict is against the weight of the evidence. Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion. The test is not whether the court would have decided the case in the same way but whether the verdict is so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail.

***Commonwealth v. Davis***, 799 A.2d 860, 864-65 (Pa. Super. 2002) (citation omitted).

Our review of the record reveals that Mangone did not preserve a challenge to the weight of the evidence at sentencing or in a post-sentence motion, resulting in waiver of this claim. ***See*** Pa.R.Crim.P. 607(A). We therefore treat his issue as a challenge to the sufficiency of the evidence.

Further complicating appellate review, however, is Mangone's failure to identify which of his convictions he is attacking. Mangone does not cite to any statute or indicate how, if at all, the question of whether he left the scene to summon aid for his injured passenger would require reversal of his

conviction. He simply states: "In the instant case, the Commonwealth was required to prove that [Mangone] did not render aid or leave the appropriate information after an accident occurred." Mangone's Brief at 10. Although we could find waiver of his argument on this basis, *see* Pa.R.A.P. 2119(a)-(b), we decline to do so. Our research reveals that this contention relates to his convictions of accidents involving death or personal injury and failure to stop and render aid. *See* 75 Pa.C.S.A. §§ 3742(a), 3744(a)-(b).[2] Upon

---

[2] The Pennsylvania Motor Vehicle Code defines accidents involving death or personal injury, in relevant part, as follows:

> The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).

75 Pa.C.S.A. § 3742(a). Section 3744 of the Motor Vehicle Code states, in relevant part:

> **(a) General rule.**--The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle or other property which is driven or attended by any person shall give his name, address and the registration number of the vehicle he is driving, and shall upon request exhibit his driver's license and information relating to financial responsibility to any person injured in the accident or to the driver or occupant of or person attending any vehicle or other property damaged in the accident and shall give the information and upon request exhibit the license and information relating to financial responsibility to any

- 4 -

reviewing the record and the law, we find Mangone's sufficiency claim to be without merit and affirm.

Appellate review of a challenge to the sufficiency of the evidence is de novo. ***Commonwealth v. Rushing***, 99 A.3d 416, 420 (Pa. 2014). "[O]ur scope of review is limited to considering the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." ***Id.*** at 420-21. "The Commonwealth may sustain its burden by means of wholly circumstantial evidence." ***Commonwealth v. Martin***, 101 A.3d 706, 718 (Pa. 2014)

---

police officer at the scene of the accident or who is investigating the accident and shall render to any person injured in the accident reasonable assistance, including the making of arrangements for the carrying of the injured person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that treatment is necessary or if requested by the injured person.

**(b) Report of accident to police.--**In the event that none of the persons specified are in condition to receive the information to which they otherwise would be entitled under subsection (a) and no police officer is present, the driver of any vehicle involved in the accident after fulfilling all other requirements of section 3742 (relating to accidents involving death or personal injury) and subsection (a), in so far as possible on his part to be performed, shall forthwith report the accident to the nearest office of a duly authorized police department and submit to the police department the information specified in subsection (a).

75 Pa.C.S.A. § 3744(a)-(b).

(citation and quotation omitted). "Further, we note that the entire trial record is evaluated and all evidence received against the defendant is considered, being cognizant that the trier of fact is free to believe all, part, or none of the evidence." *Id.* It is for the finder of fact to pass upon the credibility of the witnesses and weight of the evidence presented. *Commonwealth v. Melvin*, 103 A.3d 1, 40 (Pa. Super. 2014).

The trial court accurately summarized the facts presented at trial, viewed in the light most favorable to the Commonwealth as verdict winner:

> On July 18, 2013, Susan Riffle was a passenger on a motorcycle being operated by [Mangone]. The motorcycle hit some loose gravel and went down and Riffle, who sustained numerous injuries as a result of the accident, was "Life Flighted."[] When Riffle saw [Mangone] leave the scene of the accident, her belief was that he was going for help because she told him that help was needed.
>
> Andrew Franko, a first responder, responded to the scene and observed a female, who was not in good condition, lying on the roadway. Observing [Mangone] going towards his motorcycle, Franko said to him that "she is hurt. You can't go nowhere." Franko also advised [Mangone] that he was a first responder and could provide help. Nonetheless, [Mangone] picked up his motorcycle and left.
>
> Also providing testimony was Summer Prinkey, a first responder who arrived at the accident scene with Franko. After the brush truck from the fire department arrived, and firemen were helping Riffle, Prinkey observed Franko and [Mangone] having a disagreement. Although Franko tried to stop [Mangone] from leaving the scene of the accident, [Mangone] pushed Franko aside and left on his motorcycle.

When Trooper Adam Sikorski arrived at the scene, he immediately tried to find the operator of the vehicle and discovered that the operator and his motorcycle were not at the scene of the accident. Further, the operator of the motorcycle had not left any needed information with anyone at the scene. Four days later, the [t]rooper found the motorcycle at issue. On the sixth day after the accident, the [t]rooper spoke with [Mangone] who admitted that he was driving the vehicle[,] [] that Riffle was a passenger[,] and that he did not stay at the scene of the accident.

Trial Court Opinion, 10/6/14, at 2-3 (record citations omitted).

Our review of the record reveals that apart from Riffle's unconfirmed belief that Mangone left the scene of the accident to secure aid, only Mangone testified that he left the scene to "get help." N.T., 5/6-7/14, at 33, 82, 86. Mangone's testimony on this issue was of dubious credibility, however, because he further testified that he had "no recollection of what happened" because he "was hit so hard" during the accident. *Id.* at 82. He did not remember speaking with Riffle at the scene of the accident and stated that he could only testify to what others told him occurred; he had no independent recollection because he "was knocked out." *Id.* at 84.

As stated above, the factfinder passes upon the credibility of witnesses and is free to believe all, part or none of the testimony presented. *Martin*, 101 A.3d at 718; *Melvin*, 103 A.3d at 40. Despite Mangone's testimony to the contrary, the record, when viewed in the light most favorable to the Commonwealth, supports a finding that he did not leave the scene with the

intention of summoning aid for Riffle. Rather, the record when so viewed reflects that Mangone was the driver of a vehicle that was in an accident resulting in his passenger's serious injury. Although first responders and firefighters were present to render aid and informed him that he could not leave the scene, he left in violation of section 3742(a) without providing the information required by section 3744(a) or reporting the accident to the police as required by section 3744(b). **See supra** n.2. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015