J-S26038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWARD ADDISON | : | |
| | : | |
| Appellant | : | No. 2417 EDA 2018 |

Appeal from the PCRA Order Entered July 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0011331-2014

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:                **FILED MAY 29, 2019**

Edward Addison (Addison) appeals from the order denying his timely first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, of the Court of Common Pleas of Philadelphia County (PCRA court).  Specifically, Addison claims that trial counsel was ineffective for failing to object to hearsay testimony.  We affirm.

We take the following background facts and procedural history from our independent review of the certified record and the PCRA court's November 20, 2018 opinion.  On September 4, 2014, college students Ross Mechanic (Mechanic) and his housemates held a party at their home.  The party ended at approximately 3:00 A.M. and at about 4:00 A.M., Mechanic and Madelyn Child (Child) went upstairs to the bedroom, shut the door, and left it unlocked. (**See** N.T. Trial, 9/01/15, at 10-12).

_____
*   Retired Senior Judge assigned to the Superior Court.

When they awoke later that morning, Mechanic and Child discovered that their cell phones and Child's purse were missing. Mechanic went to roommate Alex Hissom's (Hissom) room across the hall and the men discovered that Hissom's laptop, credit cards, and cell phone were also gone. Upon going downstairs, Mechanic found the backdoor slightly ajar and a $20 bill on the floor. Child found her purse downstairs and the wallet inside was missing approximately $200.00. (*See id.* at 13-14, 25-30).

Mechanic and Child used the "Find my iPhone" application to locate the missing cell phones at 58th Street and Washington Avenue in Philadelphia. They contacted the police, who went to that location and found the cell phones and the other stolen items in Addison's possession. He claimed that he purchased them from a third party at a local restaurant. (*See id.* at 14, 56). None of the victims knew Addison and had not invited him to their party or given him permission to take the items.

On October 16, 2014, the Commonwealth filed a Criminal Information against Addison for the crimes of burglary, criminal trespass, theft by unlawful taking, and receiving stolen property.[1] At trial, Mechanic testified, in pertinent part, about Hissom's missing property:

> So I entered [Hissom's] room—it was unlocked—and woke him up saying I don't know where my phone is, do you think you have

---

[1] 18 Pa.C.S. §§ 3502(a)(1), 3503(a)(1)(iii), 3921(a), and 3925(a), respectively.

anything stolen. We looked around his room and his ID cards, credit cards, laptop, and phone were also gone.

(**Id.** at 13).

Child testified, in relevant part:

Q: What did you do after you realized your phones were missing?

A: We looked all over the room and couldn't find them there and then we opened the door and there was, kind of, stuff everywhere. So we realized that something was wrong and talked to other people in the house who also were missing things, like [Hissom] because he lived across. And I went downstairs to look for my stuff and there was money on the ground, the door was open—

Q: One step at a time. You said you went to speak to [Hissom]—

A: Yes.

Q: Are you aware if [Hissom] was missing anything?

A: Yes, he was missing his laptop and some jewelry, his girlfriend's jewelry, and some money I believe.

(**Id.** at 26).

Hissom did not testify. The court convicted Addison of all charges and sentenced him to an aggregate term of not less than ten and one-half nor more than twenty-one years' imprisonment. Addison did not directly appeal but did file a timely PCRA petition in which he alleged that trial counsel was ineffective for failing to object to hearsay testimony of Mechanic and Child.

The PCRA court denied Addison's petition, finding that his underlying claim that inadmissible hearsay was admitted lacked merit because the above testimony did not constitute hearsay, he failed to establish prejudice because his prejudice argument conflicted with his trial defense that he had purchased

the stolen items and that, even if it did constitute inadmissible hearsay, the other evidence of record established Addison's guilt. (**See** PCRA Court's Opinion, 11/20/18, at 5-6). Addison timely appealed.[2, 3]

To establish the ineffective assistance of counsel, the petitioner must prove that "the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result, *i.e.,* there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." **Commonwealth v. Laird**, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "Appellant bears the burden of proving all three prongs; failure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." **Commonwealth v. Robinson**, 877 A.2d 433, 439 (Pa. 2005) (citations omitted).

Pursuant to Pennsylvania Rule of Evidence 602, "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal

---

[2] The PCRA court did not order Addison to file a statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b).

[3] "This Court analyzes PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.]" **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citations and internal quotation marks omitted).

knowledge may consist of the witness's own testimony." Pa.R.E. 602. Hearsay is an out of court statement offered "for the truth of the matter asserted." Pa.R.E. 801(c). A statement is "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Pa.R.E. 801(a).

In this case, Mechanic and Child were two of the victims of Addison's burglary of the home with personal knowledge of the items missing from Hissom's room. Mechanic testified that he and Hissom looked around the room and discovered that the items were missing. Child stated that she was personally aware of the missing laptop and jewelry. This testimony was based on their personal knowledge, not on an out of court statement, and the rule against hearsay was not violated. *See* Pa.R.E. 801(c); ***Commonwealth v Perry***, 420 A.2d 729, 732 (Pa. Super. 1980) ("A witness may relate facts of which he has personal knowledge . . . and no question of hearsay is presented.") (citations omitted).

Hence, Addison's underlying claim lacks merit and his failure to prove this prong of the ineffectiveness test was sufficient for the PCRA court to deny his claim. ***See Robinson***, ***supra*** at 439. Additionally, even if this testimony was hearsay, Addison has failed to prove that its admission affected the outcome because "[i]n a non-jury trial, the judge is presumed to have disregarded inadmissible hearsay testimony." ***Commonwealth v. Dent***, 837 A.2d 571, 582 (Pa. Super. 2003), *appeal denied*, 863 A.2d 1143 (Pa. 2004)

(citation omitted).  Accordingly, we affirm the order of the PCRA court denying

Addison's petition for lack of merit.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/19

_____

[4] We also note that, even assuming, again, that the testimony consisted of hearsay, Addison's argument that "the admission of this hearsay formed a key basis for the burglary charge since it precluded the possibility that Hissom may have permitted [him] to enter the apartment," conflicts with his trial defense theory that he was not at the home and purchased the stolen goods that night.  (**See** N.T. Trial, at 56, 66-68).