J-S05008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THERESA WILE | : | |
| | : | |
| Appellant | : | No. 636 EDA 2020 |

Appeal from the Judgment of Sentence Entered January 21, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008044-2018

BEFORE: BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.: Filed: April 22, 2021

Theresa Wile appeals from the judgment of sentence of three months of probation, plus the costs of prosecution, imposed after she was convicted of the summary offense of harassment. We affirm.

Succinctly, Appellant's convictions are based upon her sending scores of hostile, expletive-ridden text messages to the victim, with whom she has two children, in between police welfare checks she initiated on the mornings of October 11 and 12, 2018. Appellant was charged with both misdemeanor and summary harassment, but the Commonwealth ultimately proceeded on the summary charge. At the subsequent non-jury trial, the Commonwealth entered the contents of these text messages into evidence through printouts of screenshots that the victim had provided to police. The trial court convicted

Appellant of summary harassment and ultimately sentenced Appellant as detailed above.

Appellant timely appealed, and presents the following issues for this Court's review:

> 1.     Whether the admission of photographs of text messages was an abuse of discretion and a misapplication of the best evidence rule as codified by Pennsylvania Rules of Evidence 1002-1004?
>
> 2.     Whether the admission of photographs of text messages was an abuse of discretion and a misapplication of the rule of completeness as codified by Pennsylvania Rule of Evidence 106?
>
> 3.     Whether the evidence presented at trial was insufficient to prove beyond a reasonable doubt that [Appellant] had the requisite intent for harassment, the "intent to harass, annoy or alarm?"
>
> 4.     Whether the court erred in imposing costs of prosecution and supervision fees on [Appellant], an indigent person, absent consideration of her ability to pay?

Appellant's brief at 3 (footnote, unnecessary capitalization, and suggested answers omitted).

The following informs our review of Appellant's claims of error.  As to Appellant's sufficiency challenge, we bear in mind:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary.  In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt.  [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  It is within the province of the fact-finder to determine the weight to be accorded

> to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

***Commonwealth v. Williams***, 176 A.3d 298, 305-06 (Pa.Super. 2017) (citations and quotation marks omitted).

Concerning Appellant's challenge to the imposition of costs of prosecution without first determining her ability to pay them, the issue "implicates the interpretation of the Rules of Criminal Procedure, which presents a question of law. Therefore, our standard of review is *de novo*, and our scope of review is plenary." ***Commonwealth v. Lopez***, \_\_\_ A.3d \_\_\_, 2021 WL 1096376 at *1 (Pa.Super. March 23, 2021) (*en banc*).

After a thorough review of the certified record, the parties' briefs and the pertinent law, we discern no error of law or abuse of discretion on the part of the trial court as to the issues raised by Appellant, and we affirm the judgment of sentence on the basis of the cogent and well-reasoned opinion that Honorable Steven T. O'Neill entered on June 4, 2020. [1]

Specifically, Judge O'Neill observed that neither the best evidence rule nor the rule of completeness rendered inadmissible of the screenshots of the

---

[1] The certified record does not include the printed copies of the screenshots of Appellant's text messages admitted into evidence at trial. However, Officer James McVeigh read sufficient portions of them on the witness stand to enable our review.

- 3 -

text messages Appellant sent to the victim, where Appellant did not contend the contents were altered or that portions of the exchange were omitted. ***See*** Trial Court Opinion, 6/4/20, at 3-5. The trial court likewise aptly detailed why the law and the evidence, including reasonable inferences therefrom, supported his finding that Appellant sent her voluminous, increasingly-hostile, and threatening profanity-laden messages with the intent to harass her victim rather than for some legitimate purpose. ***See id***. at 6-7 (citing, *inter alia*, ***Commonwealth v. Cox***, 72 A.3d 719, 722 (Pa.Super. 2013) (holding fact-finder could properly infer from the totality of the circumstances that a Facebook post was made with the intent to harass). ***See also*** N.T. Trial, 11/4/19, at 52-63 (reading contents of text messages which patently serve no legitimate purpose). Finally, Judge O'Neill correctly explained that Appellant was not entitled to a hearing on her ability to pay before being sentenced to pay costs, as Pa.R.Crim.P. 706 requires a hearing only before incarcerating a defendant for failure to pay. ***Id***. at 7-8 (citing, *inter alia*, ***Commonwealth v. Childs***, 63 A.3d 323, 325 (Pa.Super. 2013)). ***See also*** ***Lopez***, ***supra*** at *5 (reaffirming "***Childs***' holding that a that a defendant is not entitled to an ability-to-pay hearing before a court imposes court costs at sentencing"). As to all of the foregoing points, we adopt Judge O'Neill's reasoning as our own.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:4/22/21

Filed 10/5/2020 11:15:00 PM Superior Court Eastern District
636 EDA 2020

# IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
## PENNSYLVANIA
## CRIMINAL DIVISION

| | | |
|---|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** | : | **NO. 8044-18** |
| | : | **636 EDA 2020** |
| **V.** | : | |
| | : | |
| **THERESA WILE** | : | |

<u>**OPINION**</u>

**O'NEILL, J.**                                    **June 4 , 2020**

The Defendant, Theresa Wile, appeals from the judgement of sentence entered on January 21, 2020. For the reasons set forth below, the judgment of sentence should be affirmed.

## I.    Facts and Procedural History

Early on the morning of October 11, 2018, the Defendant sent police to the victim's home for a welfare check on the couple's two children. N.T. Nov. 4, 2019 at 21. That afternoon, the victim texted the Defendant about a dance their daughter was to attend that evening. <u>Id.</u> The victim testified that the messages began to get abusive, so he told the Defendant he would take their daughter to the dance. <u>Id.</u> On the morning of October 12, 2018, the victim was awoken by the police knocking on his door to conduct another welfare check. <u>Id.</u> At that point, the victim saw nearly 80 text messages from the Defendant that had been sent between 8:08 p.m. and 7:53 a.m.; the victim did not respond to any of the messages. <u>Id.</u> at 28. The Defendant testified that it was a "continuous string" of messages. <u>Id.</u> at 103. The Defendant had previously been advised not to contact the victim. <u>Id.</u> at 46, 100. The majority of the messages contained obscene language. For example, she texted, "Fuck

1

you. I said don't do that, you fucking pig. Fuck you. Fuck you fucking treacherous fucking cocksucking pussy whipped cunt bag fucker. IRS mother fucking one bitch. Yeah, I realize what's going on, dickhead. Nope, dumbass. Try again." Id. at 56. The victim went to the Lansdale police department and showed police the texts. Id. at 22. Officer McVeigh photographed some of the text with a patrol phone and ultimately asked the victim to screenshot the messages and email them to him. Id. at 52.

Following a trial by bench[1], the Defendant was convicted of a summary charge of harassment.[2] On January 21, 2020 she was sentenced to a three month term of probation and ordered to pay the costs of prosecution. The Defendant filed a post-sentence motion, which this Court denied on February 6, 2020. This appeal followed. The Defendant was directed, pursuant to Pa. R.A. P. 1925 (b) to file a concise statement of errors; she has since complied with that directive.

## II. Issues

The Defendant raises the following issues in her concise statement:

1. Appellant challenges the denial of the Motion in Limine. See, November 4, 2019 Order. The use of photographs did not satisfy the "best evidence" rules under Pa. R.E. 1002 and 1004.

2. Appellant challenges the denial of the Motion in Limine. See, November 4, 2019 Order. The use of photographs did not satisfy the rule of completeness set forth in Rule 106 of the Pa. Rules of Evidence.

---

[1] She was simultaneously convicted in the matter indexed at 8045-18 and sentenced to a consecutive three months' probation. The appeal of that matter is addressed separately in the appeal indexed at 637 EDA 2020.
[2] 18 Pa. C.S.A. § 2709(a)(3).

2

3. Appellant challenges the sufficiency of the evidence with regard to the requisite intent of Count 2, Harassment.

4. Appellant challenges the imposition of costs and supervision fees without consideration of Ms. Wile's ability to pay.

## III. Discussion

In her first two issues, the Defendant challenges the admission of screenshots of the text messages she sent to the victim. First, she claims that the screenshots do not satisfy the "best evidence rule" and second, she claims that the admission of screenshots violated the "rule of completeness."

It is well settled that, "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." Commonwealth v. Drumheller, 808 A.2d 893, 904 (Pa. 2002). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." Commonwealth v. Harris, 884 A.2d 920, 924 (Pa.Super.2005), appeal denied, 593 Pa. 726, 928 A.2d 1289 (2007). This standard also applies to rulings on a motion *in limine*. Commonwealth v. Parker, 104 A.2d 17 (Pa. Super. 2014) (citation omitted).

The Rules of Evidence provide: "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules, other rules prescribed by the Supreme Court, or a statute provides otherwise." Pa.R.E. 1002. This rule corresponds to the common law "best evidence rule."

3

Pa. R.E. 1002, cmt. The comment to the rule further notes that, there are four reasons justifying the rule:

> (1) The exact words of many documents, especially operative or dispositive documents, such as deeds, wills or contracts, are so important in determining a party's rights accruing under those documents.
>
> (2) Secondary evidence of the contents of documents, whether copies or testimony, is susceptible to inaccuracy.
>
> (3) The rule inhibits fraud because it allows the parties to examine the original documents to detect alterations and erroneous testimony about the contents of the document.
>
> (4) The appearance of the original may furnish information as to its authenticity.

Pa.R.E. 1002, cmt. (citing 5 Weinstein & Berger, Weinstein's Evidence § 1002(2) (Sandra D. Katz rev. 1994)).

The Rule of Completeness provides, "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time." Pa. R. E. 106.

Neither rule is applicable. First, the Defendant misapprehends the purpose of the best evidence rule. "[T]he best evidence rule exists to prevent a witness from misrepresenting the content of a piece of evidence ...." Commonwealth v. Janda, 14 A.3d 147, 162 (Pa. Super. 2011). Instantly, the victim took his phone to the police station and showed officers the more than 80 abusive messages sent by the Defendant. He then took screenshots of the messages and emailed them to the investigating officers. The Defendant admitted that she sent the messages, but argued that the police were required

4

to download the contents of the victim's phone to obtain the messages. N.T. Nov. 4, 2019 at 13. The Defendant made no argument that the messages were altered or inaccurate, only that they were turned over by the victim and should, thus, be considered unreliable. The Commonwealth admitted the screenshots of the messages into evidence. Commonwealth Exhibits C-1 through C-5. Had the Commonwealth only presented the victim's testimony regarding the contents of the messages, without the admission of the messages themselves, the Defendant could raise a colorable best evidence argument. Likewise, the police were not required to download the victim's phone for the messages to be admissible. See, Janda at 162. (finding that Commonwealth was not required to admit memory card from a digital camera; photographs obtained from that camera were admissible). Therefore, this claim is without merit and must fail.

Likewise, the rule of completeness does not apply. The Court notes that while the Defendant raised the rule of completeness in her Motion in Limine, she did not present argument on that issue, which this Court submits may constitute waiver. Even if this issue was not waived, it is wholly meritless. There was no evidence that the text messages were taken out of context or that there were additional messages that were not introduced into evidence. By her own admission, the Defendant sent a string of unanswered messages, thus there were no other messages to be admitted and this claim is without merit.

The Defendant's next claim is that the evidence was insufficient to convict her of harassment. It is well settled that,

> [i]n reviewing the sufficiency of the evidence, we are required to
> view the evidence, and all permissible inferences to be drawn

5

therefrom, in the light most favorable to the Commonwealth, as verdict winner. The test is whether, taking as true the evidence most favorable to the Commonwealth, together with all reasonable inferences therefrom, the evidence is sufficient to prove appellant's guilt beyond a reasonable doubt.

Commonwealth v. Ruffin, 463 A.2d 1117, 1118-19 (Pa. Super. 1983) (citations omitted).

"A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose." 18 Pa.C.S.A. § 2709 (a)(3). "An intent to harass may be inferred from the totality of the circumstances." Commonwealth v. Cox, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted). "[The Superior Court] has held that "with intent to harass," in phone-call related cases, requires a determination of whether the caller knew or should have known that the effect of the call would be to harass the listener. The use of obscene language and threats of death satisfy this requirement." Commonwealth v. Duda, 831 A.2d 728, 731 (Pa. Super. 2003) (citation omitted).

Instantly, the Defendant sent the victim a "continuous string" of profanity laden text messages that became increasingly hostile as he did not respond to her. Commonwealth Exhibits C-1 through C-5. As with a phone call, this Court submits that the use of obscenities and threats in a text message is sufficient to prove the intent to harass. Nearly every message contained obscene language, as noted above. She also threatened to call the

6

police, stating "Three minutes or you're going to see what I mean. 911 is about to be called." N.T. Nov. 4, 2019 at 53. Clearly, based on the totality of the circumstances, the evidence was sufficient to prove that she intended to harass the victim. The texts did not pertain to the care and custody of their children and served no purpose other than to harass the victim. Therefore, this claim is without merit and must fail.

In her final issue, the Defendant challenges the imposition of the costs of prosecution. While the Defendant did raise this claim in a post-sentence motion, she did not raise it at the time of sentencing when costs were imposed, thus she may have waived the issue. N.T. Jan. 21, 2020 at 19. Insofar as this claim may implicate the legality of the Defendant's sentence, which cannot be waived, she is due no relief. Commonwealth v. Childs, 63 A.3d 323, 325 (Pa. Super. 2013)(stating that challenge to denial of hearing on inability to pay "contests the authority of the court to impose the costs at issue and, therefore, challenges the legality of his sentence"). A defendant is not entitled to a pre-sentence hearing on his ability to pay. Id. (citing Commonwealth v. Hernandez, 917 A.2d 332, 336–37 (Pa.Super.2007)). Therefore, this claim is without merit and must fail.

Pursuant to the Rules of Criminal Procedure, the "court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs." Pa. R. Crim. P. 706 (A). Accordingly, "[w]hile Rule 706 "**permits** a defendant to

7

demonstrate financial inability either after a default hearing or when costs are initially ordered to be paid in installments," the Rule only **requires** such a hearing prior to any order directing incarceration for failure to pay the ordered costs. Childs, 63 A.3d at 326 (citing Hernandez, 917 A.2d at 337)(emphasis in original). In Hernandez, the Superior Court concluded that a hearing on ability to pay is not required at the time that costs are imposed:

> The Supreme Court ... did not state that *Fuller*[3] requires a trial court to assess the defendant's financial ability to make payment at the time of sentencing. In interpreting *Fuller,* numerous federal and state jurisdictions have held that it is not constitutionally necessary to have a determination of the defendant's ability to pay prior to or at the judgment of sentence.... [We] conclude that *Fuller* compels a trial court only to make a determination of an indigent defendant's ability to render payment before he/she is committed.

Hernandez, 917 A.2d at 337.

Thus, even if she had requested this Court to do so, this Court was not required to hold a hearing on the Defendant's ability to pay costs.[4] In the event that the Defendant fails to make payment as ordered, at that time the court will be required to hold a hearing on his ability to pay.

---

[3] Fuller v. Oregon, 94 S.Ct. 2116, 2118, 417 U.S. 40, 40 (1974).

[4] The Court recognizes that this issue is currently awaiting en banc resolution before our Superior Court in the matters of Commonwealth v. Gary-Ravenell, J-E01004-20, 2551 EDA 2018, and/or Commonwealth v. Lopez, J-E01005-20, 1313 EDA 2018. Unless and until the Superior Court decides otherwise, precedent dictates that the Defendant is not entitled to an ability to pay hearing at the time of sentencing.

## IV.    Conclusion

Based on the foregoing, the judgement of sentence should be affirmed.

BY THE COURT:

_____
**STEVEN T. O'NEILL**                    **J.**

Copy of the above Opinion
sent on _6/4/20_ to the following:
Robert Falin, Esq.
Lee Awbrey, Esq.

_____
Judicial Assistant

9